IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

**FILED**

**October 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9707-CR-00305 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable Phyllis Miller, Judge |
| | ) | |
| RICHARD T. SMILEY, | ) | (Assault) |
| | ) | |
| Appellant. | ) | |

## DISSENTING OPINION

I respectfully dissent. I would reverse the conviction and grant a new trial because of the trial court's failure to instruct the jury on the Class B misdemeanor assault of knowingly causing contact with the victim that a reasonable person would regard as extremely offensive or provocative. I believe such an assault to be a lesser included offense of the aggravated assault charged in the indictment, and I believe that stabbing the victim in the hand is contact that is reasonably regarded to be extremely offensive or provocative.

Also, I disagree with my colleagues' view of the propriety of the trial court's use of a "preference" to start in midrange in misdemeanor sentencing with apparent adjustment up or down depending upon the existence of enhancement or mitigating factors. They rightfully note that the 1989 Sentencing Reform Act does not specify where in the range the trial court should start the process of sentencing misdemeanants. However, I believe they are mistaken when they conclude that this means that trial courts have the discretion to start at midrange.

I believe that <u>State v. Moss</u>, 727 S.W.2d 229 (Tenn. 1986), is directly on point. In <u>Moss</u>, a second degree murder case, the trial court noted that the 1982 Sentencing Reform Act did not say anything about a presumptive starting point and determined that it was appropriate for it to start its sentencing analysis at the half-way point in the range. On appeal, this court concluded that the 1982 Act embodied a policy of the starting point being the minimum sentence for the range. However, our supreme court rejected both the trial court's and this court's starting points, stating that the Act contemplates "that sentences should be considered on a case-by-case basis and that the sentencing court should exercise guided discretion within the terms of the Act," without adopting any presumptive sentencing method. <u>Id</u>. at 238.

The principles and purposes of the 1982 Act upon which <u>Moss</u> was based are essentially the same that exist in the 1989 Act and which apply to misdemeanor sentencing. In the present case, the trial court essentially started at six months and increased the sentence to eleven months and twenty-nine days. We have no way of knowing what the sentence would be in consideration of the relevant enhancement and mitigating factors and the principles and purposes of the 1989 Act but without a midrange starting point. A resentencing should occur.

_____
Joseph M. Tipton, Judge